J-S24025-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
JOHN JAMES FISHER III :
:
Appellant : No. 3304 EDA 2018

Appeal from the PCRA Order Entered October 17, 2018
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0004656-2012

BEFORE:   LAZARUS, J., McLAUGHLIN, J., and STEVENS*, P.J.E.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED AUGUST 12, 2019**

John James Fisher III, appeals the denial of his request for relief under

the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Appellate

counsel has filed a **Turner/Finley**[1] letter with this Court maintaining that

Fisher's appeal is meritless and asks us to grant his application to withdraw

as counsel. We affirm the order of the court and grant counsel's request.

The procedural history of this case is as follows. Fisher pled guilty to

possession of child pornography and criminal use of communication facility.[2]

On February 7, 2013, the trial court sentenced Fisher to eight to 23 months'

incarceration for child pornography followed by a consecutive term of five

---

*   Former Justice specially assigned to the Superior Court.

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

[2] 18 Pa.C.S.A. §§ 6312(d) and 7512, respectively.

years' reporting probation on the remaining charge. Fisher did not file a post-sentence motion or a direct appeal.

On April 28, 2017, Fisher was sentenced by a different court for an unrelated conviction for child pornography. Consequently, on December 12, 2017, the trial court that sentenced Fisher following his guilty plea revoked Fisher's probation and sentenced him to 18 to 60 months' incarceration for criminal use of communication facility.[3] Fisher did not file a post-sentence motion or a direct appeal.

On December 4, 2017, Fisher filed a *pro se* PCRA petition. The PCRA court appointed counsel, who filed an amended petition on July 6, 2018. In the amended petition counsel argued that pursuant to **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017), "[Fisher] should not be subject to the registration requirements that he is currently under and is presently is [sic] serving an illegal sentence." Amended PCRA Petition, filed 7/6/18, at ¶ 9. On September 25, 2018, the PCRA court issued its notice of intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907 and denied the petition on October 17, 2018. This appeal followed.

On appeal, counsel mistakenly filed an **Anders**[4] brief with this Court instead of a **Turner/Finley** letter, which is the appropriate way for counsel to seek to withdraw his or her appearance on appeal from the denial of PCRA

---

[3] At the time of the revocation hearing, Fisher's sentence for the child pornography conviction had expired.

[4] **Anders v. California**, 386 U.S. 738 (1967).

- 2 -

relief. *See Commonwealth v. Widgins*, 29 A.3d 816, 817 n.2 (Pa.Super. 2011) (noting that *Turner/Finley* letter is appropriate when seeking to withdraw from an appeal from denial of PCRA relief). We ordered counsel to file copies of a letter addressed to Fisher informing him of his right to counsel or to proceed *pro se*. *See Order*, filed 2/21/19. Counsel in turn filed a *Turner/Finley* letter with this Court along with the letter sent to Fisher notifying him of counsel's application to withdraw as well as his right to new counsel or to proceed *pro se*. *See also Turner/Finley* letter, filed 3/5/19.

Before addressing the merits of this appeal, we must review counsel's application to withdraw as counsel. Counsel requesting to withdraw must file a no-merit letter: (1) "detailing the nature and extent of [their] review"; (2) "listing each issue the petitioner wished to have reviewed"; and (3) "counsel's 'explanation' of why the petitioner's issues were meritless[.]" *Commonwealth v. Pitts*, 981 A.2d 875, 876 n.1 (Pa. 2009). Counsel must also send this letter to the petitioner with a copy of their petition to withdraw and also inform the petitioner of their right to proceed *pro se* or to retain new counsel. *Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa.Super. 2007). Once we conclude that the above has been satisfied, this Court "must then conduct its own review of the merits of the case." *Commonwealth v. Muzzy*, 141 A.3d 509, 511 (Pa.Super. 2016) (quoting *Commonwealth v. Doty*, 48 A.3d 451, 454 (Pa.Super. 2012)).

Here, counsel has substantially complied with the requirements of *Turner* and *Finley*. Counsel provided details regarding the nature of his

- 3 -

review of Fisher's claim, discussed the issue that Fisher wanted to have reviewed, and also explained why he believed the issue was meritless. Therefore, we now conduct our own independent review of the merits of the case.

Our review of the denial of PCRA relief "is limited to determining whether the PCRA court's findings are supported by the record and without legal error." *Commonwealth v. Edmiston*, 65 A.3d 339, 345 (Pa. 2013). The credibility determinations of the PCRA court are binding on this Court, when supported by the record. *Commonwealth v. Medina*, 92 A.3d 1210, 1214 (Pa.Super. 2014). However, we review the legal conclusions of the PCRA court *de novo*. *Id.* at 1215.

We first address the timeliness of Fisher's petition, as the PCRA time-bar is jurisdictional in nature. *See Medina*, 92 A.3d at 1215. A petitioner must file a petition for PCRA relief within one year from the date the judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). After this deadline, the petitioner must plead and prove at least one of the following time-bar exceptions:

> (i)      the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii)     the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)    the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

Here, Fisher claims that he is serving an illegal sentence pursuant to *Muniz*. The PCRA court denied Fisher's petition, concluding that the petition was untimely. It also concluded that Fisher did not plead and prove the third time-bar exception because he failed to raise a claim under *Muniz* within 60 days of the decision. *See* Pa.R.Crim.P. 907 Notice, filed 9/19/18, at ¶ 17; *see also* 42 Pa.C.S.A. § 9545(b)(1)(iii). In *Muniz*, our Supreme Court held that the retroactive application of the Sexual Offender Registration and Notification Act ("SORNA") registration requirements was punitive. *Muniz*, 164 A.3d at 1223.

Fisher's judgment of sentence became final on March 11, 2013, after the time period to file an appeal with this Court expired.[5] Thus, Fisher had until March 11, 2014 to file a timely PCRA petition. *See Commonwealth v. Garcia*, 23 A.3d 1059, 1062 n.3 (Pa.Super. 2011) (where claim related to

_____

[5] Both parties state that Fisher's sentence became final "on or about March 9, 2013." *Turner/Finley* Letter at 2; Commonwealth's Br. at 9. However, March 9 was a Saturday, therefore, Fisher had until the following Monday, March 11, to file a timely PCRA petition. *See* 1 Pa.C.S.A. § 1908.

- 5 -

original guilty plea and sentence, revocation of probation on separate charge does not "reset the clock" for time to file timely PCRA petition). The instant petition filed on December 4, 2017 is patently untimely. Therefore, Fisher had to plead and prove at least one of the time-bar exceptions within 60 days from the date the claim could have been raised in order for the court to entertain his petition.

Fisher claimed relief under the third time-bar exception, a new constitutional right that has been held to apply retroactively, arguing that the registration requirements imposed by the court violated *Muniz*, thereby making his sentence illegal. *See* 42 Pa.C.S.A. § 9545(b)(1)(iii). This argument fails because Fisher failed to raise the claim within 60 days from the date it could have been raised. *Muniz* was decided on July 19, 2017, giving Fisher until September 18, 2017, to raise the claim. Fisher did not file the instant petition until December 2017.

Moreover, even if Fisher had raised the claim in a timely manner, we still would conclude it lacks merit because our Supreme Court has not held that *Muniz* applies retroactively. *See Commonwealth v. Murphy*, 180 A.3d 402, 406 (Pa.Super. 2018), *appeal denied*, 195 A.3d 559 (Pa. 2018) (concluding Supreme Court has not held that *Muniz* applies retroactively).

Additionally, our independent review of the record does not reveal any other meritorious issues. We affirm the order of the PCRA court denying Fisher's request for relief and grant counsel's application to withdraw.

Order affirmed. Counsel's application to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/12/19